**VAUGHAN v. WARFIELD et al.**
**No. 14814.**

United States Court of Appeals,
Eighth Circuit.

Oct. 21, 1953.

Rehearing Denied Nov. 13, 1953.

Jack C. Vaughan, appellant, pro se.

No appearance was entered nor was brief filed for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal from an order dismissing the above entitled action for want of jurisdiction. The action was commenced in the federal court in the Eastern District of Arkansas. Jurisdiction was predicated upon diversity of citizenship of the parties and the amount in controversy. The appellant, plaintiff in the district court, alleges that he is a citizen of the state of Mississippi; that the defendant Carneal Warfield is a citizen of Arkansas, and that all other defendants are citizens of states other than Arkansas.

The prayer of the complaint is that the fee title to a tract of land in Chicot County, Arkansas, known as the Florence Plantation, be granted to the plaintiff; that claims thereto of all defendants other than that of Carneal Warfield be cancelled; and that the plaintiff may have judgment against Carneal Warfield for $500 and interest for repayment of an attorney fee fraudulently obtained from plaintiff. No other judgment is demanded against Warfield.

Carneal Warfield filed a separate motion to dismiss the action against him on the ground that the sole relief sought by plaintiff against him is for a monetary judgment in the sum of $500 with interest and costs which is less than $3,000 exclusive of interest and costs. No monetary relief was demanded against any other defendant.

The motion was sustained and the court entered an order dismissing the

complaint against Warfield and also as to the remaining defendants, all of whom are non-residents of the state of Arkansas, for want of jurisdiction, the plaintiff himself being a non-resident.

■ It is too clear for argument that the court did not err in dismissing the case against Warfield. The appellant contends, however, that it was error to dismiss the case against the other non-resident defendants because this is a suit in equity to set aside and cancel "any and all instruments of conveyance of the * * * Florence Plantation or grants of rights-of-way * * * wherein the said Fred P. Branson appears as a grantor * * *." and to vest the title thereto in the plaintiff. Accordingly he contends that under 28 U.S.C.A. § 1655 the court has jurisdiction (since the plantation is in the eastern district of Arkansas) and the court may order the absent defendants to appear.

Section 1655 provides: "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain."

The point argued here was argued to the trial court and overruled.

The facts involved in this element of the controversy as alleged in the complaint are as follows:

On March 28, 1950, the appellant entered into a lease-purchase agreement with one Fred P. Branson, under the terms of which appellant was given an option to purchase in its entirety the Florence Plantation on or before December 1, 1950, on terms specified in the contract. On September 20, 1950, appellant notified Branson that he intended to exercise his option. On October 26, 1950, appellant was notified that Branson had filed suit in the state court in which he asked that the March 28, 1950, Branson-Vaughan contract be set aside. On December 1, 1950, the date on which the option contract expired, Branson withdrew his suit against appellant. On December 18, 1950, appellant filed a suit for specific performance of his option contract against Branson in the Chancery Court of Chicot County, Arkansas. Trial on the merits of this case was had on April 12, 1951, and was decided in favor of Branson and against appellant on the ground that he had failed to make a proper tender as provided in the option contract.

Appellant's contention was and is that his failure to make the proper tender required by his option contract was due to the acts of negligence and fraud of his agents and attorney named as defendants in this action, and that by reason thereof he "lost the Florence Plantation."

In respect of this situation the trial court held that nothing in the complaint indicates that the judgment so entered in the state court of Arkansas is not final. "It seems clear, therefore, that if the plaintiff has any claim for relief against any of the named defendants it is by way of a monetary award for damages by reason of the alleged negligence and malfeasance of those with whom he dealt in connection with his option for the purchase of this property." This being true, the court held that the federal district court in Arkansas could not obtain jurisdiction by service outside the state and the Eastern District of Arkansas.

■ It is appellant's contention that in equity for specific performance the court has jurisdiction and may exercise jurisdiction under 28 U.S.C.A. § 1655, supra. The error in this contention is that the complaint discloses on its face that the appellant did not have an action in equity when the suit was commenced. The alleged equitable basis of the suit had been adjudicated in the state court against the appellant before this suit was commenced.

Finally, as pointed out by the trial court, "there is no diversity of citizen-

352

ship between the several defendants who are alleged to be citizens of Mississippi; and as to all of the non-resident defendants this Court on this complaint or on the proposed amended complaint can not obtain jurisdiction by service outside this state and this district. It follows, therefore, that the motion of the defendant, Warfield, to dismiss must be granted, and the matter is dismissed as to him for lack of jurisdiction * * * and the action is likewise dismissed as to the remaining defendants who are all non-residents of the State of Arkansas for lack of jurisdiction. It is so ordered."

Affirmed.